{¶ 41} While I concur with the analysis of the majority in every other aspect of this case, I cannot join in its determination that there is a triable issue concerning *Page 18 
whether the city's breach of its duty was the proximate cause of the injuries to McCabe and James. I must therefore respectfully dissent. Without that critical nexus between proximate cause and injury, the claims against the City must fail.
 {¶ 42} There remains no question that the City had the duty to maintain the integrity of the light poles on city property, and that the prior treatment of this particular pole for rot and deterioration put the city at least on constructive notice that there could be a potential for continued decay. Nevertheless, by all accounts, this pole was not within the perimeter of the contemplated excavation work, and much more importantly, "but for"-a principle of first-year law study-the actions of the injured workers' colleague Speagle, the pole would not have been under scrutiny.
 {¶ 43} The record reflects that Speagle negligently "hooked" the messenger wire, thereby bringing down the pole. In fact, the record reflects that he had intentionally "brushed" the wire multiple times as part of his excavation work immediately before the critical incident occurred. To hold the city responsible for the cause of James and McCabe's injuries ignores the intervening act of Speagle, without which the condition of the pole's integrity would not be an issue. *Page 1